1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AFRA ALDAKAK,                              No.  2:15-cv-0433 AC P

12                    Plaintiff,

13        v.                                    ORDER

14   HARRY, et al.,

15                    Defendants.

16

17          Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18   and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  Plaintiff

19   has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to

20   28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 5.

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  ECF Nos. 7, 9.  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4        I.        Statutory Screening of Prisoner Complaints

5              The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.

16  1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal

18  quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203

19  F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

20             "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

21  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

22  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

23  U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to

24  survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic

25  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

26  raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must

27  contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

28  legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright &

2

1   Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

4   Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5   content that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

7   under this standard, the court must accept as true the allegations of the complaint in question,

8   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

9   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

10  McKeithen, 395 U.S. 411, 421 (1969).

11      II.     Complaint

12      Plaintiff identifies as defendants Sgt. Warren, Sgt. Johnson, Deputy Harry, and a Doe

13  defendant.  ECF No. 1 at 2.  He alleges that while being escorted from a preliminary hearing, the

14  escorting deputy "was making racial comments like lil terrorist, terrorist & asking about my

15  sexuality."  Id. at 3.  He then refers the court to his attached grievances.  Id.  The first grievance

16  gives a slightly more detailed recollection of the allegation that plaintiff was verbally harassed by

17  the unknown officer that escorted him.  Id. at 4.  It indicates that defendant Warren told plaintiff

18  to submit a grievance about his issues and that the unknown deputy made his racist comments to

19  defendant Harry.  Id.  The second grievance states that plaintiff was told he was going to be

20  reclassified because another inmate said that he was trying to get her to pass something to another

21  pod, but that he never attempted to pass anything.  The grievance goes on to state that plaintiff

22  has not caused any trouble since arriving at the jail and that he has been harassed because of his

23  nationality.  Id. at 5.  He alleges that some of the deputies call him "lil terrorist" instead of by his

24  name.  Id.

25      III.    Failure to State a Claim

26      In order to state a claim, the complaint must allege in specific terms how each named

27  defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability

28  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

3

1   actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

2   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Neither the complaint nor the attached

3   grievances make any reference to defendant Johnson and the only references to defendants

4   Warren and Harry are that Warren told him to file a grievance and the racist comments were

5   made to Harry.  ECF No. 1.  This is insufficient to show that the defendants violated plaintiff's

6   constitutional rights.

7        The complaint must also be dismissed because plaintiff's allegations that he was verbally

8   harassed fail to state a claim that could entitle plaintiff to relief.  "Verbal harassment or abuse . . .

9   is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  Oltarzewski v.

10  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th

11  Cir. 1979)); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment

12  generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

13  1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment); see

14  also DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal

15  harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected

16  liberty interest, or deny a prisoner equal protection of the laws.") (citing Ivey v. Wilson, 832 F.2d

17  950, 955 (6th Cir. 1987) (Eighth Amendment); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.

18  1987) (due process); Williams v. Bramer, 180 F.3d 699, 705-06 (5th Cir. 1999) (equal

19  protection)).

20       Plaintiff's second grievance, however, states that he believes he is being harassed because

21  of his nationality (ECF No. 1 at 5), and the use of racial slurs may be evidence of discriminatory

22  intent.  It appears that plaintiff may be attempting to allege that he is being treated differently than

23  other inmates because of his race.  If this is the case, plaintiff may be able to state a claim for

24  violation of his rights under the Equal Protection Clause.  The Equal Protection Clause requires

25  the state to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr.,

26  473 U.S. 432, 439 (1985).  "To state a claim for violation of the Equal Protection Clause, a

27  plaintiff must show that the defendant acted with an intent or purpose to discriminate against him

28  based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th

1  Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Because plaintiff

2  may be able to make an equal protection claim, he will be given an opportunity to amend the

3  complaint.  However, if the discrimination plaintiff suffered was limited to the verbal harassment

4  he identified in the complaint, he will be unable to state a claim for relief.  Freeman v. Arpaio,

5  125 F.3d 732, 738 (9th Cir.1997) (abusive language, even if directed at religious and ethnic

6  background, is insufficient for equal protection claim), overruled on other grounds by Shakur v.

7  Schriro, 514 F.3d 878 (9th Cir. 2008).  Accordingly, amendment will only save the complaint if

8  plaintiff can truthfully allege specific facts linking the discriminatory statements to some unequal

9  *treatment* above and beyond the slurs themselves.

10     IV.     Leave to Amend

11        The court will provide plaintiff an opportunity to file a first amended complaint to attempt

12  to cure the deficiencies identified above.  If plaintiff chooses to file a first amended complaint, he

13  must demonstrate how the conditions about which he complains resulted in a deprivation of his

14  constitutional rights.  Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms

15  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

16  unless there is some affirmative link or connection between a defendant's actions and the claimed

17  deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

18  740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation

19  in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

20  1982) (citations omitted).

21        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

22  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

23  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

24  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

25  1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims

26  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

27  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

28  original pleading no longer serves any function in the case.  Therefore, in a first amended

5

1   complaint, as in an original complaint, each claim and the involvement of each defendant must be

2   sufficiently alleged.

3   V.   Summary

4        Plaintiff's request to proceed in forma pauperis is granted.

5        The complaint is dismissed because plaintiff has not explained what any of the defendants

6   did and verbal harassment alone does not violate his constitutional rights.  Plaintiff will be given a

7   chance to amend his complaint so that he can try to state a claim for violation of his rights under

8   the Equal Protection Clause.  In order to state a claim, plaintiff must have suffered more than just

9   verbal harassment.  If plaintiff chooses to amend his complaint, he must explain what each

10  defendant did to violate his rights.  Plaintiff may include exhibits to his complaint, but his claims

11  must be explained in the complaint, not in exhibits like grievances.  If plaintiff chooses to amend

12  his complaint, the amended complaint must include all the claims plaintiff wants to make because

13  the court will not look at the claims or information in the original complaint or any other

14  documents plaintiff has already filed.  If plaintiff does not file an amended complaint within thirty

15  days of service of this order, this case will be dismissed.

16       IT IS HEREBY ORDERED that:

17       1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 7, 9) are granted.

18       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  Sheriff of Sacramento County filed concurrently herewith.

22       3.  Plaintiff's complaint (ECF No. 1) is dismissed.

23       4.  Plaintiff is granted thirty days from the date of service of this order to file a first

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

25  of Civil Procedure, and the Local Rules of Practice.  The first amended complaint must bear the

26  ////

27  ////

28  ////

6

1  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

2  file a first amended complaint in accordance with this order will result in dismissal of this action.

3  DATED: January 6, 2016

4

ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28